IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| CHARLES B. MIEREK, | \| |
| Plaintiff, | \|CASE NO. 7:07-cv-00400-HMH-BHH |
| vs. | \| |
| BANK OF AMERICA CORPORATION; AND BANK OF AMERICA MBNA; AND EQUIFAX INFORMATION SERVICES, LLC; AND EQUIFAX, INC.; AND FIA CARD SERVICES, N.A. | \| |
| Defendants. | |

### DEFENDANTS EQUIFAX INFORMATION SERVICES, LLC AND EQUIFAX INC.'S RESPONSES TO RULE 26.03 INTERROGATORIES

COME NOW Defendants Equifax Information Services, LLC and Equifax Inc. (incorrectly sued herein as a party) (collectively referred to herein as "Equifax"), and hereby file their responses to Local Civil Rule 26.03 Interrogatories:

**(1)    A short statement of the facts of the case.**

**Response:**    Equifax is a national consumer credit reporting agency. It receives credit information from reliable sources and compiles that data into reports for use by its business customers in evaluating financial transactions. Plaintiff claims that defendants were erroneously reporting adverse credit information concerning certain credit accounts in violation of the federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 *et. seq.* ("FCRA"). Plaintiff alleges that he had paid off the debts on the accounts in the spring of 1999, but that defendants continued to report the adverse credit history past the 7 year reporting period in violation of FCRA Section 1681c. Plaintiff alleges that he wrote numerous letters to the defendants to try to correct the

erroneous reporting of the accounts in his credit file. Equifax denies that it published inaccurate information, denies that Plaintiff was damaged, and denies that it caused Plaintiff's damages, if any. Equifax Inc. is not a consumer reporting agency and thus not a proper party to this action and should be dismissed.

**(2)     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**Response:**     Alicia Fluellen and Tina Sapere, 1100 Abernathy Road, Suite 300, Atlanta Georgia 30328. These persons will testify to the facts surrounding Plaintiff's credit file, and Equifax's policies and procedures regarding its handling of credit reports.

**(3)     The names and subject matter of expert.**

**Response:**     At this time, Equifax does not anticipate using expert witnesses. Equifax reserves the right to modify this response and to name an expert in rebuttal to any named by Plaintiff.

**(4)     A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**Response:**     The FCRA provides that whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. Section 1681e(b).

A credit reporting agency *is not strictly liable* merely for reporting inaccurate information; rather, the consumer must show that the agency failed to follow reasonable procedures. 15 U.S.C. §1681e(b). *Dalton v. Capital Associated Industries, Inc.,* 257 F.3d. 409, 415-416 (4th Cir. 2001); *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir. 1995).

Credit reporting agencies are entitled to rely on the information reported to them by reputable furnishers of information so long as the information appears on its face to be credible and the credit reporting agency has no reason to believe otherwise. *See* Federal Trade Commission Commentary on the Fair Credit Reporting Act, 16 C.F.R., Part 600, Appendix, § 607, p. 517 (2002).

It is Plaintiff's burden to show that Equifax's procedures were unreasonable. *See Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 829 (E.D.N.Y. 1994).

In order to state a prima facie case for a violation of § 1681e(b), a plaintiff must show:

- inaccurate information was included in a consumer's credit report;
- the inaccuracy was due to the agency's failure to follow reasonable procedures;
- the plaintiff suffered injury; and
- the consumer's injury was caused by the inclusion of the inaccurate entry.

*Philbin v. Trans Union Corp.,* 101 F.3d 957, 963 (3rd Cir. 1996).

As a threshold matter, a consumer must first present evidence tending to show that a credit reporting agency prepared a report containing *inaccurate* information. *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329 (9th Cir. 1995); *Cassara v. DAC Services, Inc.,* 276 F.3d 1210 (10th Cir. 2002); *Batdorf v. Equifax*, 949 F.Supp. 777 (D. Haw., 1996).

**(5)     Proposed dates for the following deadlines listed in Local Civil Rule 16.02:**
**        (a)     Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**
**        (b)     Completion of discovery.**

**Response:**     Equifax has no objection to the dates set forth in Judge Herlong's Scheduling Order of April 19, 2007.

**(6)     Special circumstances affecting the time frames of the scheduling order.**

**Response:**     None anticipated at this time.

3

**(7)     Additional information requested in the Pre-Scheduling Order.**

Response:    None requested.

DATED:    May 23, 2007.

                                              s/Bernie W. Ellis
                                              Bernie W. Ellis
                                              Federal I.D. No. 5650
                                              McNair Law Firm, PA
                                              Post Office Box 447
                                              Greenville, SC  29602
                                              Tel. (864) 271-4940
                                              Fax  (864) 271-4015

Of Counsel:                               Attorneys for Defendant Equifax
Andrew H. Valli
King & Spalding, LLP
1180 Peachtree Street, NE
 Atlanta, Georgia  30309
Tel. (404) 572-4600
Fax (404) 572-5100

4